**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

**ROCKY CREED KELLY,**

**Movant,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**CRIMINAL ACTION FILE**

**No. 2:20-CR-00030-SCJ**

**CIVIL ACTION FILE**

**No. 2:25-CV-00120-SCJ**

**ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (R&R), Doc. No. [139], in which Magistrate Judge Anna Howard recommends that Movant Rocky Creed Kelly's 28 U.S.C. § 2255 motion to vacate, Doc. No. [135], be denied and that Movant be denied a certificate of appealability. Movant has filed his objections to the R&R. Doc. No. [141].

**I. Background**

On October 9, 2019, Magistrate Judge Clay Fuller issued a warrant to search Movant's residence at 107 Whitestone Road in Talking Rock, Georgia, for computers, computer peripherals, electronic media storage devices, and other evidence of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Doc. No. [18-2]

at 2. The warrant was executed on October 15, 2019, and federal law enforcement officers seized a cell phone, a hard drive, two Xbox consoles, and some miscellaneous papers from Movant's home. Id. at 3. On July 8, 2020, a federal grand jury indicted Movant for receipt and possession of child pornography, and subsequently charged him with receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) ("Count 1"), distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) ("Count 2"), and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) ("Count 3"). Doc. No. [1] at 1–2; Doc. No. [71] at 1–2. Prior to trial, Movant filed a motion to suppress evidence seized from the search of his residence and requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 165 (1978), based on alleged omissions and misrepresentations in the search warrant affidavit. Doc. No. [18]. Judge Fuller entered a recommendation that the motion to suppress be denied and that no Franks hearing was necessary. Doc. No. [28]. Movant did not file objections to the R&R, and this Court adopted it as the order of the Court, denying Movant's motion to suppress without a Franks hearing. Doc. No. [38] at 1.

Movant proceeded to a three-day jury trial in September 2022. Doc. Nos. [97], [99], [100]. Movant absconded on the last day of trial, and the trial continued *in absentia*. See Doc. No. [131] at 3–17. The jury found Movant guilty of all counts. Doc.

No. [102] at 1. This Court entered a warrant for Movant's arrest, and Movant was arrested in West Virginia on February 2, 2023. Doc. Nos. [105], [106], [111]. This Court sentenced Movant to an aggregate of 180 months' imprisonment. Doc. No. [120] at 2. Movant appealed, raising a single claim: denial of his motion to suppress was error because the search warrant was not supported by probable cause and the good faith exception did not apply. See United States v. Kelly, No. 23-12222, 2024 WL 390296, at *1 (11th Cir. 2024) (*per curiam*). The Eleventh Circuit determined that Movant had waived this claim by failing to object to the R&R, and summarily affirmed Movant's convictions and sentences. Id.

Movant filed the instant motion to vacate, raising the two following grounds for relief: (1) this Court erred in denying his motion to suppress evidence taken from his home and in denying him a Franks hearing; and (2) trial counsel rendered ineffective assistance for failing to argue that there was no nexus connecting the suspected offense to his residence in the motion to suppress and for failing to object to the R&R. Doc. Nos. [135] at 4, [138] at 3-7. Judge Howard determined that the first claim could not be raised in a § 2255 motion to vacate because Movant raised the same claim on appeal and it was decided adversely to him. Doc. No. [139] at 5. As for the second claim,

Judge Howard applied the Strickland v. Washington, 466 U.S. 668 (1984) standard[1] and found that Movant failed to establish ineffective assistance of trial counsel. Id. at 6–15.

**II. Legal Standard**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

[1] To make a successful claim of ineffective assistance of counsel, a movant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687.

**III. Discussion**

In his first objection, Movant points out that the Magistrate Judge made findings of fact regarding a Kik account named XCGDEADPOOL13, a Pinterest account named xcgdeadpool13, and an email address of xcgdeadpool13@hotmail.com. Doc. No. [141] at 2. Yet, his accounts are named "XGCDEADPOO13." Id. at 3. Movant is correct that the R&R consistently refers to account names that differ slightly from the accounts at issue in this case: the R&R appears to have transposed the second and third letters and added one additional letter. Nevertheless, this Court has reviewed affidavit supporting the search warrant, Doc. No. [18-1], and the underlying R&R that addressed Movant's motion to suppress, Doc. No. [28]; both refer to the account names as XGCDEADPOO13. Thus, it appears that the R&R addressing the motion to vacate contains typos at each iteration of the account names. This does not alter the outcome of the analysis by the Magistrate Judge, however. In fact, in his objections, Movant concedes that the affidavit in support of the search warrant addressed account names of XGCDEADPOO13. See Doc. No. [18-1]. Accordingly, Movant's objection to the typos contained in the R&R is sustained, but the outcome of his motion to vacate is unchanged.

Movant's second objection is that the Magistrate Judge failed to sufficiently address his nexus argument with respect to probable cause underlying the affidavit in

support of the search warrant. Doc. No. [141] at 4–8. This Court disagrees. The Magistrate Judge addressed the nexus argument squarely, referring to the averring officer's statements regarding the tendency of child pornography possessors to store such material at their residences. Doc. No. [18-1] at 12–13. The Eleventh Circuit has affirmed a finding of probable cause on similar averments in an underlying warrant affidavit. United States v. Trader, 981 F.3d 961, 969 (11th Cir. 2020). Thus, this Court finds that the warrant here was sufficient to establish a fair probability that Movant's residence contained evidence that a crime had been committed.

Movant also argues that the Magistrate Judge erroneously inferred that he was a "collector" of child pornography based on his prior conviction of child pornography possession despite the fact that his prior conviction was in 2010 when he lived in Kentucky. Doc. No. [141] at 5–6. In addition, Movant argues that the warrant was based on stale information. Id. at 6–8. In other words, Movant seeks to challenge each fact separately and ignore the interrelationship of the evidence supporting the warrant. "Probable cause does not work that way." Trader, 981 F.3d at 970. The warrant affidavit contained evidence that, taken as a whole, was sufficient to establish probable cause. Thus, Movant cannot establish prejudice stemming from his counsel's alleged deficient performance in challenging the search warrant.

## IV. Conclusion

For the reasons stated, Movant's objections, Doc. No. [141], are **OVERRULED**,[2] the R&R, Doc. No. [139], is **ADOPTED** as the order of the Court, and the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [135], is **DENIED** on the bases identified in the R&R. The Clerk is **DIRECTED** to close Civil Action No. 2:25-CV-0120-SCJ.

The Court further agrees with the Magistrate Judge that Movant has not met the standard of 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED** this 9th day of September, 2026.

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

[2] With the exception of the objection as to certain typographical errors, which as stated herein, was sustained (with the outcome unchanged).